# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| DUANE LANDRY | CIVIL ACTION NO. 20-1009 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ABC INSURANCE CO, ET AL. | MAGISTRATE JUDGE AYO |

## MEMORANDUM RULING

Before the Court are two Motions. The first is a Joint Motion for Partial Summary Judgment filed by Plaintiff Duane Landry ("Landry") and Defendant Fieldwood Energy LLC ("Fieldwood"). See Record Document 39. The second is a Cross Motion for Partial Summary Judgment filed by Defendant Zurich American Insurance Company ("Zurich") in response to Landry and Fieldwood's Joint Motion. See Record Document 41. Landry and Fieldwood filed an opposition to Zurich's Cross Motion. See Record Document 43. Fieldwood filed a reply and supplemental memorandum in support of its Joint Motion. See Record Documents 44 & 53. For the reasons stated below, Landry and Fieldwood's Joint Motion for Partial Summary Judgment (Record Document 39) is **GRANTED IN PART AND DENIED IN PART**. Zurich's Cross Motion for Partial Summary Judgment (Record Document 41) is also **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

On or about September 16, 2019, Landry was acting in the course and scope of his employment on a Fieldwood owned platform designated as Ship Shoal 178, located on the Outer Continental Shelf of the United States in the Gulf of Mexico adjacent to Louisiana. See Record Document 1 at 2. He suffered injuries after slipping and falling on

an allegedly defective staircase on the Ship Shoal 178 platform. See id. As a result of the incident, Landry alleges he sustained serious and painful injuries that have caused physical and mental suffering, both past and future; loss of enjoyment of life, both past and future; past and future disability; and loss of earning capacity, both past and future, which has required him to incur medical expenses, both past and future. See id. at 3. Alternatively, Landry asserts claims for damages and allegations of negligence under Louisiana state law, 33 U.S.C. § 905(b) et seq., and any other applicable state or federal law, including general maritime law. See id.

In his First Amended Complaint, Landry realleges and reavers all the allegations in his original Complaint but specifically amends and supplements paragraph one of the original Complaint to substitute certain language. See Record Document 30 at 1. In his First Amended Complaint, Landry names Zurich as a Defendant and seeks a declaratory judgment to enforce a contractual waiver of subrogation. See id. He alleges that he is an invitee of Fieldwood and therefore a member of the Company Group under the Sparrows Master Services Contract ("MSC"), for whose benefit Zurich is obligated to waive its rights of subrogation. See id. at 3.

## LAW AND ANALYSIS

**I. Partial Summary Judgment Standard.**

The Fifth Circuit provides, "A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F. 3d 701, 737 (5th Cir. 2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial.

See Calpetco 1981 v. Marshall Exploration, Inc., 989 F. 2d 1408, 1415 (5th Cir. 1993). Additionally, a district court is allowed to "revisit[] an issue in light of new evidence." Cannon v. Principal Health Care of La., 87 F. 3d 1311, at *2 (5th Cir. 1996).

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). When reviewing a motion for summary judgment, the court must view "all facts and inferences in the light most favorable to the non-moving party." Romero v. City of Grapevine, Tex., 888 F. 3d 170, 175 (5th Cir. 2018). But the non-moving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a 'scintilla of evidence.'" Hathaway v. Bazanay, 507 F. 3d 312, 319 (5th Cir. 2007).

**II. Analysis.**

    (a) Overview of the Summary Judgment Record.

Landry and Fieldwood filed their Joint Motion for Partial Summary Judgment to enforce the waiver of subrogation in the MSC between Fieldwood and Landry's employer, Sparrows Offshore, LLC ("Sparrows"), as well as the waiver of subrogation provisions contained within Sparrows's Workers' Compensation and Employers Liability Policy issued by Zurich. See Record Document 39 at 1. Landry and Fieldwood request that the Court enter a judgment declaring that Zurich has waived its rights to recover from either Landry or Fieldwood, any reimbursement of workers' compensation benefits and medical

expenses Zurich has paid to or on behalf of Landry for his accident on Fieldwood's platform. See id. at 1–2.

Landry and Fieldwood submit that the central issue presented by their Joint Motion is whether Landry qualifies as an "invitee" of Fieldwood, making him a member of the Company Group. See Record Document 39-1 at 6. If so, they are entitled to enforce the waiver of subrogation. See id. They contend Landry qualifies as Fieldwood's invitee because Fieldwood had a direct contract with Sparrows, and the work Landry performed benefited Fieldwood through the repair and maintenance of its cranes. See id. at 7. Additionally, they assert that the waiver of subrogation is enforceable under the Louisiana Oilfield Indemnity Act ("LOIA").[1] See id.

In its Cross Motion for Partial Summary Judgment, Zurich asks the Court to find that it possesses a statutory right to reimbursement. See Record Document 41-1 at 1. This right requires that the amounts paid to Landry in Longshore and Harbor Workers' Compensation Act ("LHWCA") benefits be paid out of Landry's net recovery from the instant suit. See id. Zurich argues Sparrows has a right to a set-off for the amount paid in LHWCA benefits to date and a right to be subrogated to these rights under § 33(h). See id. at 5. Furthermore, Zurich contends the only entity covered by the subrogation waiver is Fieldwood, not Landry. See id. at 6. Zurich argues there is no evidence Sparrows agreed to waive its § 33 lien rights against Landry or his future third-party recovery. See id. Because Landry was not a party to any contract, Zurich submits that any waiver of

---

[1] The Court notes Landry and Fieldwood's reference to the Louisiana Oilfield Indemnity Act ("LOIA") instead of the Louisiana Oilfield Anti-Indemnity Act ("LOAIA"). The relevant case law, including the cases cited by Landry and Fieldwood, analyze the LOAIA. Thus, the Court assumes Landry and Fieldwood intended to reference the LOAIA and will analyze the Motions pursuant to the LOAIA, not the LOIA.

4

subrogation is wholly irrelevant to the question of whether Sparrows has a right to a set-off for compensation benefits owed. See id. Moreover, since Sparrows has lien rights under § 33, Zurich argues it is subrogated to those rights up to the amount it has paid in LHWCA benefits. See id. Therefore, if Sparrows has lien rights under § 33, Zurich submits it does as well, regardless of this contract. See id.

In their opposition to Zurich's Cross Motion, Landry and Fieldwood reiterate that Zurich waived its rights of subrogation against Fieldwood and Landry. See Record Document 43 at 3–4. Landry and Fieldwood provide two main reasons to support the denial of the Cross Motion: (1) Reimbursement of past compensation is distinct from set-off of future liability for compensation benefits under LHWCA § 933(f) or (2) Sparrows breached the insurance provisions of the Sparrows MSC, resulting in the waiver of subrogation. See id. at 4–9. Additionally, they argue Zurich's Cross Motion is untimely, as it was filed a day after the motion deadline. See id. at 2. Because Zurich cannot establish its right to a judgment as a matter of law, they argue the untimely Cross Motion should be denied. See id. at 4.

Fieldwood also filed a reply in support of its Joint Motion. See Record Document 44. It restates that Zurich's Cross Motion is untimely and should therefore be denied. See id. at 3. However, even if the Court considers the untimely Cross Motion, Fieldwood reiterates the reasons as to why it should be denied. See id. at 4–5. Fieldwood also filed a supplemental memorandum in support of its Joint Motion, pointing to a recent Fifth Circuit decision that provides additional binding precedent that Zurich has waived its rights of subrogation in favor of Landry and Fieldwood, as a matter of law. See Record Document 53 at 1–2.

5

(b) Untimeliness of Zurich's Cross Motion.

Landry and Fieldwood argue Zurich's Cross Motion is untimely because it was filed a day after the Dispositive Motions' deadline. See Record Document 43 at 2. The Court disagrees. According to the Court's Scheduling Order issued on August 1, 2023, the Dispositive Motions' deadline was December 20, 2023. See Record Document 37 at 2. Zurich filed its Cross Motion on December 20, 2023, in response to Landry and Fieldwood's Joint Motion. See Record Document 41. Therefore, Zurich's Cross Motion was timely, and the Court will move to the merits.

(c) Landry's Invitee Status.

The parties contest whether Landry qualifies as an invitee under the MSC between Fieldwood and Sparrows. The MSC does not define "invitee." "When a contract does not define 'invitee,' courts employ the definition articulated in Blanks v. Murco Drilling Corp., where the Fifth Circuit defined 'invitee' as a 'person who goes onto premises with the expressed or implied invitation of the occupant, on business of the occupant or for their mutual advantage.'" Durr v. GOL, LLC, 393 F. Supp. 3d 476, 486–87 (5th Cir. 2019) (italics omitted) (quoting Brown v. Sea Mar Mgmt., LLC, 288 F. App'x 922, 924 (5th Cir. 2008) (quoting Blanks, 766 F. 2d 891, 894 (5th Cir. 1985))). See Matter of Aires Marine Corp., 674 F. Supp. 3d 337, 347–48 (E.D. La. 2023).

The MSC labels Fieldwood as "Company" and Sparrows as "Contractor." See Record Document 39-3 at 1. Section 13 of the MSC defines "Company Group" as "Company and its parent, affiliates and subsidiary companies, co-lessees, co-owners, partners, joint venturers, together with its and all of their respective officers, directors,

employees, in-house legal counsel, agents, representatives, insurers and invitees...." See id. at 6. Therefore, if Landry qualifies as an invitee of the Company Group, he is an invitee of Fieldwood.

Section two of the MSC provides, "Company, from time to time may request Contractor....to perform work, deliver goods, or render services hereunder within the boundaries of the United States and the outer continental shelf of the Gulf of Mexico...." See id. at 1–2. Work may be performed on "worksites located offshore or within inland waters." See id. at 2.

Fieldwood owned and was responsible for the premises at its platform, Ship Shoal 178, where the incident occurred. See Record Document 1 at ¶ 1. The MSC demonstrates that Sparrow and its employees, like Landry, "were on the platform at Fieldwood's express invitation for the mutual financial benefit of both companies." Durr, 393 F. Supp. 3d at 487. Under the Fifth Circuit's definition of invitee, the Court finds that there are no genuine issues of material fact that Landry is Fieldwood's invitee. Therefore, Landry and Fieldwood's Joint Motion, with respect to the issue of whether Landry qualifies as Fieldwood's invitee, is **GRANTED**. Zurich's Cross Motion, with respect to the issue of whether Landry qualifies as Fieldwood's invitee, is **DENIED**.

(d) The Subrogation Waiver and Louisiana's Oilfield Anti-Indemnity Act ("LOAIA").

The Court must determine what law applies when interpreting the provisions of the MSC. Under Section 26(a) of the MSC, Fieldwood and Sparrows agree that the general maritime law of the United States should apply. See Record Document 39-3 at 13. However, if general maritime law is inapplicable, then Texas law applies. See id. If neither

7

general maritime nor Texas law apply, "the laws of the jurisdiction in which the work was performed shall apply." See id. The Court will apply Louisiana law. The parties support their arguments with Louisiana law, some of the work was performed in Louisiana, and the incident occurred in Louisiana.

Under Louisiana law, insurance carriers have "a statutory right to recover workers' compensation payments made to an injured worker from any third party that caused the worker's injury." Hewitt v. W&T Offshore, Inc., 704 F. Supp. 3d 715, 726 (E.D. La. 2023). This statutory right "may be waived by the insurance carrier, if it chooses to do so through a waiver of subrogation in the insurance policy or by a separate agreement." Id. An insurance carrier's contractual waiver of subrogation has been upheld by the Louisiana First Circuit Court of Appeal and the United States Fifth Circuit Court of Appeals. Id.

"To protect insurance companies and contractors from the potentially unfair effects of subrogation waivers in favor of oil companies, the Louisiana legislature enacted LOAIA to alleviate the 'inequity…foisted on certain contractors and their employees by the defense or indemnity provisions…contained in some [oil and gas] agreements.'" Id. at 726–27. When a waiver of subrogation frustrates or circumvents the underlying purposes of the LOAIA, it may be null and void. Id. at 727. However, in Fontenot v. Chevron U.S.A. Inc., "the Louisiana Supreme Court clarified that LOAIA voids a waiver of subrogation only when the oil company pursues both the waiver of subrogation and indemnification." Id. (citing Fontenot, 95-1425 (La. 07/02/96), 676 So. 2d 557, 565).

In the instant case, Zurich's policy contains a "WAIVER OF OUR RIGHT TO RECOVER FROM OTHERS ENDORSEMENT" which provides:

> We have the right to recover our payments from anyone liable for an injury covered by this policy. We will not enforce our right against the person or organization named in the Schedule. (This agreement applies only to the extent that you perform work under a written contract that requires you to obtain this agreement from us.) This agreement shall not operate directly or indirectly to benefit anyone not named in the Schedule.

See Record Document 39-11 at 64. The parties refer to this endorsement as the subrogation waiver. Section 13 of the MSC contains several indemnity provisions. However, the Court finds the subrogation waiver in Zurich's policy is valid and enforceable despite this language in the MSC. See Hewitt, 704 F. Supp. 3d at 727. Like the defendant in Hewitt, Fieldwood "has chosen to utilize the waiver of subrogation rather than pursue indemnification so that its actions do not run afoul of the LOAIA, as the Louisiana Supreme Court instructed in Fontenot." Id. The Court does not find any language within the summary judgment record arguing both indemnification and subrogation. Fieldwood and Landry's arguments only mention the subrogation waiver, so their actions do not run afoul of the LOAIA. See Morgan v. Hercules Drilling Co., LLC, No. 09-2091, 2011 WL 3739053, at *8 (W.D. La. Aug. 22, 2011). The Court finds there are no genuine issues of material fact that the subrogation waiver contained within the MSC is valid and enforceable. Therefore, Landry and Fieldwood's Joint Motion, with respect to the validity and enforceability of the subrogation waiver, is **GRANTED**. Zurich's Cross Motion, with respect to the validity and enforceability of the subrogation waiver, is **DENIED**.

(e) Zurich's Statutory Rights under the LHWCA.

In its Cross Motion, Zurich argues that a waiver of subrogation does not exhaust an employer's interest in an award received from a third-party tortfeasor. See Record Document 41-1 at 5. Even if the LHWCA employer and a third-party tortfeasor enter into

9

a contract requiring insurance coverage containing a subrogation waiver, Zurich submits the employer still possesses independent rights under the LHWCA that are unaffected by contract. See id.

Courts are split as to whether the LHWCA creates an independent statutory right for employers like Zurich. While some courts have upheld an insurer's entitlement to its statutory rights exist under the LHWCA, other courts have found they are not required "to allow an insurance company to intervene to protect its LHWCA rights in a lawsuit between a worker and a third-party tortfeasor." Hewitt, 704 F. Supp. 3d at 729. Instead, "administrative proceedings before the Department of Labor [are] the appropriate proceeding for [Zurich] to protect its rights under the LHWCA." Id. (citing Jackson v. Land & Offshore Servs., Inc., 855 F. 2d 244, 245 (5th Cir. 1988) (holding that it was proper for the Department of Labor to deny an application for workers compensation under the LHWCA because the worker failed to obtain the prior approval of his employer to the settlement with the third party tortfeasor")). See Matter of Aires Marine Corp., 2023 WL 4890013, fn. 14 ("It is not clear to the Court that any claims made pursuant to § 933(f) are ripe, as entitlement to such claims is based on a determination by the Secretary of Labor after recovery against a third party. As yet, no recovery has been made.").

In the instant case, an administrative law proceeding was held before the Department of Labor in October of 2022. See Record Document 41-3 at 1. The following four issues were disputed: "(1) Whether [Landry] sustained an injury arising out of and in the course of his employment with [Sparrows]; (2) Nature and Extent of disability; (3) Entitlement to compensation and medical benefits; and (4) Attorney's Fees and Expenses." See id. at 2.

Other courts, such as the Fifth Circuit, have held that § 933(f) "has nothing to do with the right of subrogation of the employer-carrier. That section provides a statutory right to have the employer-carrier's liability for future compensation determined under its provisions." Petroleum Helicopters, Inc. v. Collier, 784 F. 2d 644, 647 (5th Cir. 1986). The Fifth Circuit has held that a waiver of subrogation does not "exhaust[] an employer's interest in the terms of a settlement between an employee and a third-party tortfeasor." Id. Additionally, in Hammer v. PHI Inc., the United States District Court for the Western District of Louisiana held Zurich was "entitled to an offset out of any net recovery by the plaintiffs for future benefits paid to or on behalf of [p]laintiffs." No. 16-01048, 2019 WL 4463471, at *10 (W.D. La. Sept. 17, 2019). The court based its reasoning on the language contained in § 933(f). Id. See Doucet v. R. & R. Boats, Inc., No. 17-421, 2017 WL 4512581, at *3 (M.D. La. Oct. 10, 2017).

Even though the subrogation waiver in the instant case is valid and enforceable, Zurich may still possess an independent statutory right entitling it to reimbursement. Because of the conflicting jurisprudence on this issue, the Court finds there are genuine issues of material fact as to whether Zurich possesses an independent statutory right to reimbursement under the LHWCA. This is a question that should be left to the jury and will not be decided by the Court on summary judgment. Therefore, Landry and Fieldwood's Joint Motion, with respect to Zurich's statutory right of reimbursement, is **DENIED**. Zurich's Cross Motion, with respect to its statutory right of reimbursement, is **GRANTED**.

## CONCLUSION

For the reasons stated above,

There are no genuine issues of material fact as to whether Landry qualifies as Fieldwood's invitee and whether the MSC's subrogation waiver is valid and enforceable. However, there remain genuine issues of material fact as to whether Zurich possesses an independent statutory right under the LHWCA, entitling it to reimbursement for compensation benefits and medical expenses it has paid to or on behalf of Landry.

**IT IS ORDERED** that Landry and Fieldwood's Joint Motion (Record Document 39) is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted with respect to Landry's status as Fieldwood's invitee and the validity and enforceability of the subrogation waiver. The Motion is denied with respect to Zurich's statutory right of reimbursement.

**IT IS FURTHER ORDERED** that Zurich's Cross Motion (Record Document 41) is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted with respect to its statutory right to reimbursement. The Motion is denied with respect to Landry's status as Fieldwood's invitee and the validity and enforceability of the subrogation waiver.

An Order consistent with this ruling with issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 10th day of February, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE